1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| MARIO ALBERTO RODRIGUEZ, | ) | Case No.: C 12-04031 PSG |
|---|---|---|
| Plaintiff, | ) ) ) | **ORDER TO REASSIGN CASE; REPORT AND RECOMMENDATION THAT COMPLAINT BE DISMISSED WITH LEAVE TO AMEND** |
| v. | ) ) | |
| SANTA CLARA COUNTY MAIN JAIL, | ) ) | |
| Defendant. | ) ) | |

On July 31, 2012, Plaintiff Mario Alberto Rodriguez ("Rodriguez") proceeding *pro se* filed a complaint and an application to proceed *in forma pauperis*. Based on the application and the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a District Court Judge with the recommendation that the complaint be dismissed with leave to amend.[1] A federal court must dismiss an *in forma pauperis* complaint if the complaint is: (1) frivolous; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such

---

[1] This court is ordering reassignment to a district judge because, absent consent of all parties, a magistrate judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison,* 847 F. 2d 548, 549 (9th Cir. 1988).

Case No. C 12-04031 PSG
ORDER TO REASSIGN CASE

relief.[2]

In the complaint, Rodriguez alleges constitutional violations because he has been unable to file suit in the Santa Clara County Main Jail. He also alleges that his right to privacy and unspecified federal codes have been violated. Notwithstanding these references, however, the complaint fails to state a particular claim on which relief may be granted. A district court nevertheless must give litigants an opportunity to amend their complaint "when justice so requires."[3] A federal court also must liberally construe the "inartful pleading" of parties appearing *pro se*.[4]  Accordingly, this court recommends that the district court dismiss the complaint but with leave to amend.

**IT IS SO ORDERED**.

Dated: 9/18/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[2] *See* 28 U.S.C. §1915(e)(2); *see also Neitzke v. Williams,* 490 U.S. 319, 324 (1989).

[3] Fed. R. Civ. P. 15(a).

[4] *Hughes v. Rowe,* 449 U.S. 5, 9 (1980).

Case No. C 12-04031 PSG
ORDER TO REASSIGN CASE