IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIO ALBERTO RODRIGUEZ, JR.,<br><br>Plaintiff(s),<br>v.<br><br>SANTA CLARA COUNTY MAIL JAIL,<br><br>Defendant(s). | CASE NO. 5:12-cv-04031 EJD<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |

*Pro se* Plaintiff Mario Alberto Rodriguez Jr. ("Plaintiff") commenced the instant civil rights action against Defendant Santa Clara County Main Jail on July 31, 2012. See Docket Item No. 1. Plaintiff also filed a request to proceed *in forma pauperis* ("IFP"). See Docket Item No. 2. Upon review pursuant to 28 U.S.C. § 1915(e)(2), the court dismissed Plaintiff's original complaint for failure to state a claim but allowed Plaintiff leave to file an amended complaint in order to provide additional factual allegations. See Docket Item No. 6. Plaintiff did so on October 25, 2012. See Docket Item No. 8.

Since Plaintiff's request to proceed *in forma pauperis* still remains pending, the court finds it again appropriate to review the amended complaint prior to ordering service. Pursuant to 28 U.S.C. § 1915(e)(2), federal courts are authorized to pre-screen claims filed by IFP plaintiffs and may dismiss a case at any time the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. Dismissals under this section are not

1
CASE NO. 5:12-cv-04031 EJD
ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND

dismissals on the merits.  See Denton v. Hernandez, 504 U.S. 25, 34 (1992).

"Although *pro se* pleadings are liberally construed . . . a *pro se* plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)."  Jackson v. Napolitano, CV-09-1822-PHX-LOA, 2010 U.S. Dist. LEXIS 413, at *6, 2010 WL 94110 (D. Ariz. Jan. 5, 2010) (internal citations omitted).  Accordingly, the *pro se* complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  In the context of civil rights claims, Rule 8 requires the identification of the individual defendant or defendants who allegedly committed the offensive act, participated in another's offensive act, or failed to take action which resulted in a deprivation of rights.  See Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988).  Sweeping conclusory allegations are not sufficient; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  Id. at 634.

Here, the amended complaint names only the Santa Clara County Main Jail as a defendant without naming any of the individuals at that facility or elsewhere who participated in the alleged deprivation of Plaintiff's civil rights.  This is the equivalent of naming only "doe" defendants.  See Read v. San Mateo County Jail, No. C-95-1721 SI, 1995 U.S. Dist. LEXIS 12764, at *5, 1995 WL 523711 (N.D. Cal. Aug. 31, 1995).  "John Doe defendants are not favored in the Ninth Circuit."  Id. (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  Moreover, the Main Jail as a facility is not amenable to service of process; in other words, it cannot be served as a stand-alone entity.  Plaintiff does, however, suggest that the identities of some of the individuals can be discerned from various publicly-available documents.  See Am. Compl, at p. 1 ("The proof is on the court record for the hearing.").

Accordingly, the court finds that, in the absence of at least one named defendant that committed an act against Plaintiff who is capable of being served, the amended complaint does not meet the pleading standard required by Federal Rule of Civil Procedure 8.  It therefore fails to state a claim for relief and is DISMISSED WITH LEAVE TO AMEND under 28 U.S.C. § 1915(e)(2).

The court will provide Plaintiff one final opportunity to file a sufficient complaint consistent with this order.  Thus, if Plaintiff intends to file a second amended complaint, he must do so no later

than **November 30, 2012.** Plaintiff is advised that failure to file a second amended complaint which names a defendant amenable to service will result in an order dismissing this action without further notice.

**IT IS SO ORDERED.**

Dated: October 30, 2012


EDWARD J. DAVILA
United States District Judge